BROWN v. McWHITE.

1. Where the payee of a sealed note writes on its back "pay to M," and signs his name thereunder, M thereby becomes the assignee and legal owner of the sealed note.
2. In action in the Probate Court to settle the estate of the maker of this note, creditors were called in, and M presented this note, whereupon the administrator of the payee appeared and claimed that M held this note only as security for a small account, and demanded the surplus. The probate judge so decreed. *Held,* that this court of limited jurisdiction could not settle controversies between these conflicting claimants, but should pay to the legal owner the dividend payable on this note, and leave the parties to adjust their equities in a tribunal having jurisdiction.
3. Error cannot be imputed to a Circuit decree in the absence of any testimony or statement in the Brief upon the matter alleged to be erroneous. Matters stated only in exceptions cannot be considered as facts in the case.

Before ALDRICH, J., Marion, October, 1888.

The opinion fully states the case.

*Mr. W. W. Harllee,* for Mrs. Sarah Iseman.

*Mr. C. A. Woods,* for John Wilcox, jr.

March 14, 1889. The opinion of the court was delivered by

MR. JUSTICE McIVER. Under proceedings instituted in the Court of Probate by the petitioner, as administrator of the estate of A. McWhite, against his heirs and distributees, for the settlement of said estate creditors were called in to prove their demands. Amongst the claims proved was one presented by M. Iseman, based on a note under seal, bearing date February 15, 1859, for five hundred dollars, drawn by said intestate, A. McWhite, and payable to one S. F. Richardson, or order, one day after the date thereof. After two credits endorsed upon this note, the last of which bears date March 8, 1866, both purporting to be signed by S. F. Richardson, the following language is found endorsed on the note, to wit: "Pay to M. Iseman. (Signed) S.

F. Richardson." Exactly when this claim was proved does not distinctly appear, but as the affidavit required for proof of claims appears to have been made by M. Iseman on December 23, 1870, we presume the claim was proved about that time. It seems that some time afterwards this claim was transferred by M. Iseman to his wife, Mrs. Sarah Iseman, but when or how this transfer was made does not appear; and under the view which we take of the case it is not important.

The real estate of the intestate having been sold and the proceeds realized (as we infer from the statement made in the "Case" that the dividend due on the claim above mentioned had been ascertained to be something over three hundred dollars), John Wilcox, jr., as administrator of the estate of S. F. Richardson, served a notice on the judge of probate that the note above mentioned had been transferred to M. Iseman only as collateral security for the payment of a small account, amounting to seventeen dollars, and that the balance realized on said note, after paying said account, should be paid over to him as the administrator of the estate of said S. F. Richardson, and notifying him not to pay out any money in his hands applicable to said note, "until a hearing and adjudication of the rights of the parties claiming the said funds."

The judge of probate proceeded to the hearing and determination of this controversy as to the ownership of the said claim, and on July 3, 1888, rendered his decree, by which he held substantially that the note had been transferred to Iseman only as collateral security for certain advances made by Iseman to Richardson, which, as ascertained by the decree, amounted to forty-seven dollars, which amount with interest Iseman was entitled to receive. The judge of probate also says in his decree: "Iseman is entitled to $18 paid Johnson, the surveyor." What this has to do with the question as to the ownership of the note, we are at a loss to conceive, as we find no reference to this matter in the testimony or anywhere else in the "Case."

From this decree both Mrs. Sarah Iseman and John Wilcox, jr., as administrator of S. F. Richardson, appealed to the Circuit Court, and both appeals having been dismissed by that court, the said parties both appeal to this court upon the grounds set out in

the record, which need not, under the view which we take of the
case, be specifically stated here; for we do not think that the judge
of probate had any jurisdiction of the controversy as to the owner-
ship of the note. For this reason, without going into the merits
of the controversy, which it is not competent for us to do under
this appeal, we are of opinion that the decree of the judge of pro-
bate, in so far as it purports to adjudicate the controversy as to
the ownership of the note, should be set aside, without prejudice
to the right of either or both of the said parties to proceed as
they may be advised to have their conflicting claims to the note
properly adjudicated.

The Court of Probate is a court of limited jurisdiction, marked
out and defined by the constitution, and we think it clear that
this controversy as to the ownership of the note in question does
not fall within the limits there prescribed. There can be no
doubt that when Richardson endorsed upon the note the words,
"Pay to M. Iseman," and delivered it to Iseman, the legal title
to the note, as well as the money secured thereby. passed to Ise-
man (*Tryon* v. *DeHay*, 7 Rich., 12); for according to that case
such would be the effect even of an endorsement in blank on a
note under seal. While there has been considerable conflict of
opinion and even of decision as to whether such an endorsement
on a bond or sealed note fixes any liability on the person making
such endorsement, as may be seen by reference to the following
cases: *Bay* v. *Freazer*, 1 Bay, 63; *Parker* v. *Kennedy*, *Ibid.*,
398; *Walker* v. *Scott*, 2 Nott & McC., 286; *Booth* v. *June*,
reported in a note to *Lanneau* v. *Ervin*, 12 Rich., 32. Yet none
of these cases question the doctrine that such an endorsement
operates as an assignment of the bond or sealed note.

If, then, the effect of the endorsement was to transfer the legal
title in the note to Iseman, he certainly, as the legal owner and
holder thereof, had a right to prove the same against the estate
of the maker of the note, and to receive any dividend which
might be due thereon, unless prevented by some proper proceed-
ing, instituted in a tribunal having jurisdiction of the controversy
between him or his assignee and the person claiming to be the
real owner. Conceding, for the purposes of this discussion, that
the note was transferred to Iseman, not absolutely, but only as

collateral security for the payment of the account of seventeen dollars, this would only give to Wilcox, as administrator of Richardson, a right of action against Iseman to account for the proceeds of the note after reimbursing himself the amount of the account which the note was transferred to secure, or, at most, to demand a retransfer of the note upon payment or tender of the amount which it was intended to secure. Of such an action the Court of Probate clearly could not take jurisdiction.

As to so much of Mrs. Iseman's appeal as alleges error in not allowing interest on the eighteen dollars paid the surveyor, we are unable to find anything which would warrant us in saying that the decree of the judge of probate was erroneous in this respect. There is not a word said about this matter in the "Case," except the language which we have quoted above from the decree of the judge of probate, and nothing that there appears warrants us in holding that there was error in not allowing interest on that sum of money. It is true that in one of the grounds of appeal it is stated that this money was advanced by Iseman under some understanding or agreement that it was to be refunded to him when the proceeds of the sales of the land were realized, but as we have often had occasion to say, this court has no authority to consider any fact which does not appear in the "Case" as prepared for argument here, but appears only in the exceptions or grounds of appeal.

The judgment of this court is, that the judgment of the Circuit Court, in so far as it affirms so much of the decree of the judge of probate as purports to adjudicate the controversy between John Wilcox, jr., as administrator of Mrs. Sarah Iseman, as to the note above mentioned, be reversed for want of jurisdiction in the Court of Probate to adjudicate such controversy, without prejudice to the right of either party to institute such proceedings as they may be advised are proper for the adjudication of such controversy; but in so far as it affirms that portion of the decree of the judge of probate which adjudges the right of Iseman to payment of the eighteen dollars it be affirmed.